UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Tiffany Holodnak<br>2302 14th Street NE<br>Washington, DC 20018<br>    Plaintiff,<br><br>v.<br><br><br>SERVICE EMPLOYEES<br>INTERNATIONAL UNION<br>1800 Massachusetts Ave NW<br>Washington, DC 20036<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

## COMPLAINT
(Jury Trial Demanded)

COMES NOW Plaintiff Tiffany Holodnak ("Plaintiff"), by an through her attorney of record, and files this her Complaint for damages against Defendant Service Employees International Union ("Defendant" or "SEIU") and for cause would show unto the Court the following:

### PARTIES

1. Plaintiff is an adult resident citizen of the District of Columbia, residing at 2302 14th Street NE, Washington, DC 20018.

2. Defendant is a national labor union headquartered at 1800 Massachusetts Ave, NW, Washington, DC 20036.

### JURISDICTION AND VENUE

3. This action is being brought pursuant to 28 USC § 1331, 28 USC § 1343, and 42 USC § 1983 and includes any and all federal law claims plead herein for which jurisdiction and venue is attached.

4. Venue is proper in this district, pursuant to 28 USC § 1391 because Defendant is located in the district and a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

5. Plaintiff began her employment as a member of the Human Resources team at the SEIU on April 9, 2018.

6. Plaintiff was subjected to a severe and pervasive hostile work environment, effectively, from the beginning of her employment.

7. Plaintiff identifies that Leslie Edmond ("Ms. Edmond") was a proponent of the severe and pervasive harassment she was subjected to while working for SEIU.

8. Plaintiff was subjected to multiple and pervasive episodes of screaming, verbal attacks, and bullying centered around the fact that Plaintiff is a single mother with children.

9. Plaintiff was frequently overworked and treated poorly by Ms. Edmond and others in positions over her while working at SEIU.

10. On October 18, 2018, after experiencing such harassment and discrimination, Plaintiff went to see a doctor.

11. Her doctor remarked that her quality of health had decreased to such a concerning degree that Plaintiff had labs done and was hospitalized for a period.

12. When asked by her doctor about what had changed in her life to cause the deteriorating health, Plaintiff remarked that she had started working for SEIU. Plaintiff's doctor stated that the job was not worth the health detriment.

13. Plaintiff's treatment was visible to others and Plaintiff saw, on three separate occasions, her colleagues bring her treatment to the attention to the Director of HR at SEIU.

14. Plaintiff had jury duty in May of 2019 and produced a summons for work to corroborate her legally mandated absence.

15. Ms. Edmond told Plaintiff that she had not produced any paperwork for her legally mandated absence due to jury duty and required Plaintiff to work while on jury duty.

16. In early July, Plaintiff took time off under FMLA to visit her father.

17. On July 8, 2019, Ms. Edmond was out of the office on FMLA and shared that she would not be returning.

18. On July 9, 2019, Marc Goumbri ("Mr. Goumbri") became Plaintiff's supervisor.

19. Mr. Goumbri continued the treatment of Plaintiff based on her familial responsibilities.

20. In August, Plaintiff took FMLA leave to see her children.

21. Near the end of August, Mr. Goumbri told Plaintiff that he would deny her leave if she did not ask and get a response from him first, even if the leave was designated under FMLA.

22. After this incident, Plaintiff began to see General Counsel Steve Ury ("Mr. Ury") in regards to the discrimination and harassment that she had been receiving.

23. Plaintiff saw Mr. Ury at least three times from late August of 2019 to early September of 2019.

24. Mr. Goumbri was aware that Plaintiff was seeing Mr. Ury regarding his and others behavior towards Plaintiff.

25. Plaintiff has never misused or abused leave while working with SEIU.

26. Plaintiff was not written up or put on a performance improvement plan while working with SEIU.

27. In mid-September, Plaintiff's office was moved down the hall to a considerably smaller office.

28. On October 15, 2019 Plaintiff was retaliatorily fired as the ultimate culmination of discrimination against her.

29. Plaintiff has yet to receive any vacation pay that was owed to her as part of her final pay check.

## ADMINISTRATIVE PROCEDURE

30. In 2020, Plaintiff filed charge of retaliation, satisfying the requirements of 42 USC § 2000(e) with the EEOC in Washington, DC. Such charge was filed within one hundred and eighty (180).

31. The EEOC conducted an investigation on claims. On August 13th, 2020, the EEOC determined that it was unable ot conclude that the information obtained established a violation of the statute.

32. This Complaint is being filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has complied with all statutory and administrative prerequisites of filing suit.

## CAUSES OF ACTION

### I.      Count 1: Retaliation

33. Plaintiff realleges all prior paragraphs of the Complaint as if set out herein in full.

34. Plaintiff brings this claim under Title VII and FMLA per the statutes. *See* 29 USCA § 2615; *see also* 42 USCA § 2000e-3.

35. The elements of retaliation, summarily and under both statutes, are:

    a. Plaintiff engaged in a protected activity;

    b. Employer retaliated in a materially adverse fashion;

    c. There is a causal connection between the retaliation and the engagement in a protected activity. *See Arias v. Marriot International, Inc.,* 217 F.Supp.3d 189, 197 (2016); *see also Jones v. Billington*, 12 F.Supp.2d 1, 13-14 (1997).

36. Here, Plaintiff reported the harassment and discrimination she suffered to Mr. Ury, General Counsel at SEIU.

37. This reporting was done under the color of it being a protected activity.

38. Mr. Goumbri knew of Plaintiff's reporting.

39. Mr. Goumbri retaliated against Plaintiff by moving her to a considerably smaller office, wrongfully terminating her, and denying her vacation pay.

**II.  Count 2: Interference with FMLA**

40. Plaintiff realleges all prior paragraphs of the Complaint as if set forth herein in full.

41. Plaintiff brings this claim under FMLA per the statute. *See* 29 USCA § 2615.

42. To prevail under a claim of interference with FMLA, the Plaintiff must show that, "…[their] employer interfered with, restrain[ed], or denied the exercise of or the attempt to exercise, any right provided by the FMLA and that [they] were prejudiced thereby." *See Gordon v. U.S. Capitol Police*, 414 U.S.App.D.C. 204, 210 (2015).

43. Here, Mr. Goumbri interfered with Plaintiff's future attempts at exercising her rights under FMLA when he threatened her ability to use FMLA.

44. After Mr. Goumbri's threat Plaintiff felt that she could no longer adequately exercise her FMLA rights and was prejudiced thereby.

## DAMAGES

45. As a consequence of the foregoing misconduct of Defendant, Plaintiff sustained economic damages, pain and suffering, great mental stress, and has still not received her rightfully owed vacation pay.

46. As a consequence of the forgoing conduct of Defendant, Plaintiff has damages in an amount exceeding the jurisdictional requirements of the Court.

## RELIEF

47. Plaintiff requests that the Court issue the following relief:

    a. Enter declaratory relief declaring that Defendant has engaged in retaliation and interference with leave under FMLA;

    b. Award Plaintiff compensatory and punitive damages for all the mentioned causes of action in an amount to be determined by a jury of her peers;

    c. Award Plaintiff attorneys' fees, costs, and expenses of litigation; and

    d. Award such other relief to which Plaintiff may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fees, plus pre- and post-judgment interest, and for any other relief which this Court deems just and proper.

Respectfully submitted, this _10th day of November 2020.

**Tiffany Holodnak**

<u>/s/ Charles Tucker, Jr.</u>
Charles Tucker Jr. Esq. #993515
TuckerMoore Group LLP
8181 Professional Place, Suite 207
Hyattsville, MD 20785
301-577-1175
